```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/1/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
GREEN STAR ENERGY SOLUTIONS, LLC,            :
:
                Plaintiff,            :
:      21-cv-2682 (LJL)
    -v-            :
:      ORDER
:
EDISON PROPERTIES, LLC, EDISON            :
CONSTRUCTION MANAGEMENT, LLC, UA            :
BUILDERS CORP., PASQUALE SURIANO, and JOE            :
PIPIA,            :
:
                Defendants.            :
:
---------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    Defendants Edison Properties, LLC, Edison Construction Management, LLC, Pasquale Suriano, and Joseph Pipia (collectively, the "Edison Defendants") move, pursuant to Federal Rule of Civil Procedure 21, for severance of the claims related to the work at 110 Edison Place, Newark, New Jersey (the "New Jersey Project"), from the other claims against them and Defendant UA Builders Corp. ("UA") related to work at 543 West 43rd Street, New York, New York (the "New York Project"). The Edison Defendants further move, pursuant to 28 U.S.C. § 1404(a), to transfer venue of the claims arising out of the New Jersey Project to the United States District Court for the District of New Jersey. For the following reasons, the Edison Defendants' motion is granted.

## BACKGROUND

    The following allegations are drawn from the complaint and accepted as true for purposes of this motion. Plaintiff Green Star Energy Solutions, LLC ("Green Star") is a Connecticut

based LLC in the business of HVAC design and installation. Dkt. No. 1-2 ¶¶ 1, 20. In June 2018, the Edison Defendants contacted Green Star and requested that it act as the HVAC subcontractor on the New Jersey Project. *Id.* ¶ 14. Plaintiff alleges that, though it was reluctant to take on the project, the Edison Defendants insisted that it take on the project in order to maintain its status as Edison's preferred HVAC subcontractor. *Id.* ¶ 16. Plaintiff further alleges that the Edison Defendants assured Plaintiff that it would be paid timely without fail. *Id.* ¶ 18. In reliance on the Edison Defendants' representations, Plaintiff entered into a contract with Hollister Construction Services LLC ("Hollister"), who served as the Edison Defendants' general contractor for the New Jersey Project. *Id.* ¶ 19. Green Star was not paid in a timely manner, *id.* ¶ 20, and was left a balance due and owing of $220,060.58 on the contract. *Id.* ¶ 34. In late 2019, Hollister filed for bankruptcy protection in the United States Bankruptcy Court for the District of New Jersey. *Id.* ¶ 46.

On or about November 30, 2018, Green Star entered into a contract with Defendant UA to act as the HVAC subcontractor in connection with UA's general contract with the Edison Defendants on the New York Project. *Id.* ¶ 47. Though Green Star completed all requirements under its contract, Plaintiff alleges that UA and Edison failed to pay it a balance owed of approximately $71,177.95. *Id.* ¶ 48.

Plaintiff brought this action in New York state court, alleging as causes of action fraud, tortious interference with contract, and quantum meruit against the Edison Defendants, aiding and abetting fraud against UA, and breach of contract against UA and against the Edison Defendants as third-party beneficiaries to the general contract for the New Jersey Project. *Id.* ¶¶ 58-118. Defendants removed the case this Court. Dkt. No. 1.

## DISCUSSION

The Edison Defendants moved for severance of the claims arising out of the New Jersey Project and transfer to the United States Bankruptcy Court for the District of New Jersey in connection with Hollister's bankruptcy. Dkt. No. 26. In the alternative, the Edison Defendants moved for transfer of the claims arising out of the New Jersey Project to the United States District Court for the District of New Jersey. By letter dated August 6, 2021, the Edison Defendants advised the Court that, as a result of a consent order entered in the Hollister Bankruptcy, Plaintiff's claims relating to the New Jersey Project were no longer related to the Hollister Bankruptcy and that such argument asserted by the Edison Parties in their Motion to Sever and Transfer had become moot. Dkt. No. 32. However, the Edison Parties maintained that severance and transfer to the District of New Jersey was still warranted.

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The Court may also sever any claim against a party." Fed. R. Civ. P. 21. The moving party bears the burden of demonstrating that "severance is required to avoid prejudice or confusion and to promote the ends of justice." *Agnesis v. Doctor's Assoc., Inc.*, 275 F.R.D. 456, 458 (S.D.N.Y. 2011). Although "severance [is] . . . to be employed only in exceptional circumstances," *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 503 (S.D.N.Y. 2013), "district courts have broad discretion to sever any party or claim from an action." *N. Jersey Media Grp. Inc. v. Fox News Network, LLC*, 312 F.R.D. 111, 114 (S.D.N.Y. 2015).

In deciding whether to sever a claim under Rule 21, courts consider: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy

3

would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Id.* (quoting *Oram*, 979 F. Supp. 2d at 502-03). "Severance requires the presence of only one of these conditions." *Cestone v. Gen. Cigar Holdings, Inc.*, 2002 WL 424654, at *2 (S.D.N.Y. Mar. 18, 2002).

      The Court may transfer a civil action to any district where the action could have been brought "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *Nuss v. Guardian Life Ins. Co. of Am.*, 2021 WL 1791593, at *2 (S.D.N.Y. May 5, 2021) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)). In deciding whether to grant a motion for transfer, the Second Circuit has identified the following factors for a court to consider: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *D.H Blair*, 462 F.3d at 106-07.

      Severance and transfer of the claims arising out of the New Jersey Project are appropriate here. There is no connection between the claims alleged in connection with the New Jersey Project and those alleged in connection with the New York Project. Plaintiffs do not allege that the same allegedly fraudulent statements led them to enter into the two subcontracts; instead, they allege that one set of allegedly false statements led them to enter the subcontract in connection with the New Jersey Project; they do not allege at all that they were induced by any

4

particular fraudulent statement to enter the subcontract for the New York Project. Other than the identity of Edison, who was not a party to either of the allegedly breached contracts, there is no connection between the claims related to the New York Project and the claims related to the New Jersey Project. They arise out of separate subcontracts for separate work on separate projects. Accordingly, there are not common questions of law or fact that would resolve both claims. The Edison Defendants are all based in New Jersey, except for Pipia, with respect to whom there are no allegations connected to the New Jersey Project, and all events giving rise to the claims connected with the New Jersey Project occurred in New Jersey. There will be no prejudice to the Defendants will be avoided if the case is litigated in New Jersey, where all Defendants connected to the New Jersey Project are based. The claims arising out the New Jersey Project as thus more appropriately resolved in a New Jersey forum, and accordingly those claims are severed and transferred.

      The motion for severance and transfer is GRANTED. The Clerk of Court is respectfully directed to close Dkt. No. 4.


SO ORDERED.

Dated: October 1, 2021
       New York, New York                             LEWIS J. LIMAN
                                                           United States District Judge