<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GREEN STAR ENERGY SOLUTIONS, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **EDISON PROPERTIES, LLC,** *et al.*, <br><br> Defendants. | Civil Action No. 21-18267 (EP) (JSA) <br><br> **OPINION & ORDER** |

<u>**ALLEN, U.S.M.J.**</u>

Presently before the Court is the motion of Akerman LLP ("Movant" or "law firm"), seeking to withdraw as counsel for Plaintiff Green Star Energy Solutions, LLC ("Plaintiff"). (ECF No. 101). Defendants Newark Warehouse Urban Renewal, LLC, Edison Properties, LLC, Edison Construction Management, LLC, and Pasquale Suriano ("Defendants") oppose the motion. (ECF No. 102). The official docket confirms that Plaintiff has submitted no papers in connection with the merits of the motion. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. Having considered all of the parties' submissions, and for the reasons set forth below, and for good cause shown, the motion to withdraw is **GRANTED**.

**I.   BACKGROUND**

As this Court writes primarily for the parties' benefit, it recites only the relevant facts and procedural history necessary to decide the instant motion. This breach of contract action stems from construction projects involving Plaintiff and Defendants. (ECF No. 1-2). In its Second Amended Complaint, Plaintiff asserts claims for fraudulent inducement, fraud, tortious interference with contracts, breach of contract, and quantum meruit. (ECF No. 45). On June 1,

2022, Defendants filed a motion to dismiss (ECF No. 58), which on March 8, 2023, the Honorable Evelyn Padin, U.S.D.J., granted in part and denied in part. (ECF Nos. 80-81). On April 19, 2023, Defendants answered Plaintiff's Second Amended Complaint. (ECF No. 86).

Consistent with this Court's March 2, 2023, Pretrial Scheduling Order, (ECF No. 79), the parties engaged in fact discovery without any issues. (ECF Nos. 87, 89, & 91). In their joint status letter of October 11, 2023, the parties requested an extension of the fact discovery deadline as Defendants were in the process of reviewing Plaintiff's electronically stored information production and revised interrogatory answers and depositions had not yet been scheduled. (ECF No. 97). The parties' request was addressed during a Telephone Status Conference held on October 16, 2023. Following the conference, the Court issued a Text Order, extending the fact discovery deadline to January 1, 2024. (ECF No. 98). The Order directed the parties to submit a joint letter by December 5, 2023, addressing the status of completing fact discovery as well as whether they intended to conduct expert discovery and participate in a Settlement Conference or Mediation. (*Id.*). Another Telephone Status Conference was scheduled for December 11, 2023. (*Id.*).

In their December 6, 2023 joint status letter, the parties reported that the deposition of Plaintiff's principal and corporate representative, Joseph Novella, was scheduled for December 13 and 14, and detailed a dispute regarding the sufficiency of Defendants' document production. (ECF No. 99).

During the December 11 Conference, Movant advised the Court, for the first time, that there had been a breakdown between the law firm and Plaintiff, requiring the law firm to withdraw

from the case.[1]  Defense counsel indicated that his client may oppose the motion and seek fees incurred in having to prepare for Mr. Novella's upcoming deposition.  As a result, the Court issued an Order on the same date, directing Movant to file a substitution of counsel or a motion to withdraw on or before January 3, 2024, adjourning the Novella deposition, and holding the balance of fact discovery in abeyance pending the outcome of the anticipated substitution of counsel or motion to withdraw. (ECF No. 100). The Order also permitted Defendants the opportunity to oppose any motion to withdraw and cross-move for fees.  (*Id.*).

The instant motion followed.  (ECF No. 101).  In support of the motion, the law firm makes two key arguments. (*See id.* at 2). First, a breakdown in communication has occurred between counsel and Plaintiff as demonstrated by Novella's alleged refusal to allow the law firm to engage in the discovery process. (*Id.*).  Second, Plaintiff has failed to meet its financial obligations to the law firm since August 8, 2023, despite the firm's requests for payment. (*Id.*)  Movant also submits that on December 11, 2023, the firm informed Novella of its intention to seek leave to withdraw on January 3, 2024, if he did not retain and have new counsel substitute for Movant.  (*Id.*). According to Movant, on January 2, 2024, Novella indicated that he has been unable to retain new counsel given the holidays, and requested that the Court provide him thirty days to do so.  (*Id.*).[2]

In opposition, Defendants contend that Movant should not be permitted to withdraw because withdrawal will cause additional delay and prejudice Defendants by forcing them to revisit and re-do "significant work, at significant expense, if and when new counsel appears."

---

[1] The official docket confirms that on January 18, 2023, attorney Angad Bhai of the Ackerman law firm entered a notice of appearance and filed a substitution of counsel for Plaintiff. (ECF Nos. 73 & 74).

[2]  The Court notes that Movant has not submitted any evidence in support of the factual assertions regarding attorney Bhai's communications with Novella or efforts to collect fee payments from Plaintiff.  Movant does not submit an affidavit, declaration or certification containing any such facts within the Movant's personal knowledge.  Counsel is reminded that any facts included in a legal brief should be supported by a proper certification or affidavit.  *See K.S. v. Hackensack Board of Ed.*, 2017 WL 788207 (D.N.J. Mar. 1, 2017).

(ECF No. 102 at 1).  As a result, Defendants urge this Court to deny the motion and direct the parties to proceed with depositions and dispositive motions.  (*Id.* at 2). In the alternative, Defendants request that the Court require new counsel to enter an appearance within thirty days or risk dismissal of the case since Plaintiff, a limited liability company, cannot proceed *pro se*. (*See id.* at 3).

## II.   DISCUSSION

Local Civil Rule 102.1 provides, in relevant part, "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court."  L. Civ. R. 102.1.  Other courts in this District have recognized "'[w]hether to permit an attorney to withdraw is within the discretion of a court.'"  *Mazariegos v. Monmouth Cty. Corr. Inst.*, Civ. No. 12-5626, 2017 U.S. Dist. LEXIS 211786, at *5 (D.N.J. Dec. 27, 2017) (citation omitted); *see also Cuadra v. Univision Communs., Inc.*, Civ. No. 09-4946, 2012 U.S. Dist. LEXIS 48431, at *14 (D.N.J. Apr. 4, 2012). Further, under Local Civil Rule 103.1, the New Jersey Rules of Professional Conduct ("RPC") govern the conduct of attorneys before the District of New Jersey.  L. Civ. R. 103.1(a); *accord In re Congoleum Corp.,* 426 F.3d 675, 687 (3d Cir. 2005) (citing *United States v. Balter*, 91 F.3d 427, 435 (3d Cir. 1996)); *Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 423 (D.N.J. 1993).

As such, in reviewing a motion to withdraw, Courts in this District apply RPC 1.16, which governs an attorney's withdrawal from client representation.  Subsection (b) of RPC 1.16 addresses the grounds on which an attorney may be permitted to withdraw from representing a client as follows:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;

    (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

    (3) the client has used the lawyer's services to perpetrate a crime or fraud;

    (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

    (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

    (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

    (7) other good cause shown for withdrawal exists.

RPC 1.16(b).

Further, subsection (d) of RPC 1.16 provides, in relevant part, that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for reemployment of other counsel, surrendering papers and property to which the client is entitled . . . ." RPC 1.16(d).

Guided by RPC 1.16(b), Courts in this District consider four criteria in evaluating a motion to withdraw:

    (1)  the reasons why withdrawal is sought,

    (2)  the prejudice withdrawal may cause to litigants,

    (3)  the harm withdrawal might cause to the administration of justice and

    (4) the degree to which withdrawal will delay resolution of the case.

*Haines*, 814 F. Supp. at 423 (citation omitted); *see also U.S. ex rel. Cherry Hill Convalescent, Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997).

Here, in considering the foregoing factors, this Court finds that permitting Movant to withdraw as counsel for Plaintiff is warranted. Based on this Court's evaluation of the motion, it appears that "the relationship between counsel and client has deteriorated to the point where the lawyer and client are at total odds, [and thus] withdrawal is often in the client's best interest." *Hamor v. Springpoint at Montgomery*, No. A-5537-18T2, 2020 N.J. Super. Unpub. LEXIS 2397, at *6-7 (N.J. Super. Ct. App. Div. Dec. 15, 2020) (citing *Tax Auth., Inc. v. Jackson Hewitt, Inc.*, 377 N.J. Super. 493, 501 n.4 (App. Div. 2005), *rev'd on other grounds*, 187 N.J. 4 (2006)). Movant has represented that Novella, Plaintiff's principal, has been unwilling to comply with Plaintiff's discovery obligations despite Movant's requests that he do so. Not only has Plaintiff failed to submit any opposition to the motion, but according to Movant, Plaintiff, through Novella, has been on notice of counsel's intention to withdraw since at least January 2, 2024 when Novella asked Movant for more time to secure new counsel. As such, it appears Plaintiff does not oppose the motion further demonstrating the fundamental breakdown in the relationship between attorney and client.

While the law firm also moves to withdraw based on Plaintiff's alleged failure to pay outstanding legal bills since August 2023, Movant offers no evidence in support for this general statement. Further, it is unclear from the submissions whether Plaintiff disputes that any money is owed. The Court need not resolve this issue because its decision to grant the motion is based on the irrevocable deterioration between Movant and Plaintiff based on the record presented.

The Court is cognizant that permitting Movant to withdraw may cause delay here. That delay, however, will not materially impact or prejudice any of the parties. Written discovery is

substantially complete. (ECF Nos. 97 & 99). The parties will not be permitted to hit the restart button on written discovery. Additionally, no depositions have occurred. Further, the parties previously represented that they do not anticipate conducting expert discovery. (ECF No. 98). Finally, there has not been a final pretrial conference or a trial date set in this matter. Thus, any new counsel for Plaintiff could reasonably familiarize him or herself with the case without causing substantial delay. Courts have permitted withdrawal under similar circumstances. *See U.S. ex rel. Cherry Hill Convalescent, Ctr., Inc.,* 994 F. Supp. at 252-53 (granting leave to withdraw where no prejudice to any party was shown, the final pretrial order had not been entered nor a trial date scheduled, and where counsel and client had become "mired in an ongoing fee dispute which had affected their working relationship"); *see also Marlowe Patent Holdings v. Dice Elecs.*, Civ. No. 10-1199, 2013 U.S. Dist. LEXIS 84599, at *8 (D.N.J. June 17, 2013) (granting motion to withdraw as counsel where client had not paid legal fees and court deemed client had "sufficient time and opportunity to seek new counsel without causing undue delay in the proceedings").

Given these facts, the Court does not see any prejudice to the parties. Withdrawal of counsel will not unduly delay this case. The Court finds that an additional thirty (30) days is a sufficient period of time for Plaintiff to secure new counsel without unduly delaying the progress of this case.

Accordingly, the Court finds that good cause exists to permit Movant's withdrawal of representation in this matter, pursuant to Local Civil Rule 102.1; and

**IT IS on this 2nd day of February, 2024,**

**ORDERED** that the motion of the law firm of Akerman LLP ("Movant"), seeking to withdrawal as counsel for Plaintiff Green Star Energy Solutions, LLC, (ECF No. 101), is hereby **GRANTED**; and it is further

**ORDERED** that Movant shall serve a copy of this Order on Plaintiff by overnight and regular mail within three (3) business days of the date of this Order. Movant's withdrawal shall not be effective until service is complete and proof of service is filed on the Court's docket; and it is further

**ORDERED** that Movant shall provide the Court with Plaintiff's mailing address; and it is further

**ORDERED** that, as corporate entities must be represented by counsel, Plaintiff Green Star Energy Solutions, LLC shall have substitute counsel enter an appearance on its behalf on or before **March 1, 2024** or shall face dismissal of its Second Amended Complaint. *See Dougherty v. Snyder,* 469 F.3d App'x 71, 72 (3d Cir. 2012) (per curium); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 918 (3d Cir. 1992); and it is further

**ORDERED** that the parties shall file a joint status letter within fourteen (14) days of new counsel's entry of appearance; and it is further

**ORDERED** that the Clerk of the Court shall terminate the Motion to Withdraw filed at ECF No. 101.

<div style="text-align: right;">
*s/Jessica S. Allen*
**HON. JESSICA S. ALLEN**
**United States Magistrate Judge**
</div>

cc:    Hon. Evelyn Padin, U.S.D.J.