<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GREEN STAR ENERGY SOLUTIONS, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**NEWARK WAREHOUSE URBAN RENEWAL, LLC, EDISON PROPERTIES, LLC, EDISON CONSTRUCTION MANAGEMENT, LLC, and PASQUALE SURIANO,**<br><br>**Defendants.** | Civil Action No. 21-18267 (EP) (JSA)<br><br>REPORT AND RECOMMENDATION & ORDER |

<u>**ALLEN, U.S.M.J.**</u>

This matter comes before the Undersigned upon the March 22, 2024 Order to Show Cause to Plaintiff, why its Second Amended Complaint should not be dismissed for failure to prosecute, pursuant to Fed. R. Civ. P. 41. (ECF No. 110), and Defendants' request for leave to file an application for fees and costs. (ECF Nos. 109 & 111). Plaintiff did not show cause before April 15, 2024, as directed by the Order to Show Cause. Pursuant to Fed. R. Civ. P. 78, the Undersigned did not hear oral argument. For the reasons set forth below, it is respectfully recommended that the District Court dismiss Plaintiff's Second Amended Complaint, pursuant to Fed. R. Civ. P. 41(b). Further, for the reasons set forth below, Defendants' request for leave to move for fees and costs is **DENIED**.

**I.     RELEVANT BACKGROUND**

The Undersigned recites only the relevant facts and procedural history necessary to decide the instant motion. On February 26, 2021, Plaintiff commenced this breach of contract action,

which arises from construction projects involving the parties. (ECF No. 1-2). The action was originally filed in New York state court. Following removal to federal court in the Southern District of New York, (ECF No. 1), on October 1, 2021, District Judge Lewis J. Liman granted the motion of Defendants Edison Properties, LLC, Edison Construction Management, LLC, Pasquale Suriano, and Joseph Pipia (sometimes "Edison Defendants") to sever the claims related to work at 110 Edison Place in Newark, New Jersey from the other claims against them and claims against Defendant UA Builders Corp. related to work performed in New York City. (ECF No. 34). Judge Liman further granted their motion to transfer venue to this Court. (*Id.*).

On November 17, 2021, Plaintiff filed an Amended Complaint, adding Newark Warehouse Urban Renewal LLC ("Newark Warehouse") as a defendant. (ECF No. 38). Plaintiff filed a Second Amended Complaint on February 17, 2022, (ECF No. 45), which Defendants answered on April 19, 2023 following dispositive motion practice. (ECF No. 86).

On January 18, 2023, attorney Angad Bhai of the Akerman law firm entered a notice of appearance and substituted as Plaintiff's counsel in place of attorney Laleh Hawa of the law firm of Cox, Padmore, Skolnik & Shakarchy LLP. (ECF Nos. 73 & 74).

Consistent with this Court's March 2, 2023, Pretrial Scheduling Order, (ECF No. 79), the parties engaged in fact discovery without any issues. (ECF Nos. 87, 89, & 91). Following an October 16, 2023 Telephonic Status Conference, and upon the parties' joint letter request, (ECF No. 97), the Court issued a Text Order, extending the fact discovery deadline to January 1, 2024. (ECF No. 98).

During a Telephonic Status Conference held on December 11, 2023, Plaintiff's then-counsel, attorney Bhai, advised the Court, for the first time, that there had been a breakdown between his law firm and Plaintiff, requiring the law firm to withdraw from the case. In response,

defense counsel indicated that his client may oppose the motion and seek fees incurred in having to prepare for the then-scheduled deposition of Plaintiff's principal and corporate representative, Joseph Novella. As memorialized in its December 11, 2023 Order, the Court: (1) directed attorney Bhai and his law firm to file a substitution of counsel or a motion to withdraw on or before January 3, 2024, (2) adjourned the Novella deposition, and (3) held the balance of fact discovery in abeyance pending the outcome of the anticipated substitution of counsel or motion to withdraw. (ECF No. 100 ¶¶ 1–2). The Order also permitted Defendants the opportunity to oppose any motion to withdraw and cross-move for fees. (*Id.* ¶ 3).

On January 3, 2024, Mr. Bhai and Akerman filed a motion to withdraw as counsel, (ECF No. 101), citing Plaintiff's alleged refusal to engage in discovery and failure to meet its financial obligations to the law firm since August 8, 2023 as reasons for the motion. (ECF No. 104 at 3 (citing ECF No. 101 at 2)). Defendants opposed the motion but did not cross-move for fees. (ECF No. 102). Plaintiff did not submit any opposition to the motion.

On February 2, 2024, finding there had been a "fundamental breakdown in the relationship between attorney and client," (ECF No. 104 at 6), the Court granted Mr. Bhai and Akerman's motion and directed them to serve copies of the Order granting the motion by overnight and regular mail on Plaintiff ("February 2nd Order"). (*Id.* at 7–8). The February 2nd Order also directed Plaintiff to have substitute counsel enter an appearance on its behalf by March 1, 2024; otherwise, Plaintiff, a corporate entity, would be deemed to be unrepresented by counsel. (*Id.* at 8). The Undersigned advised that "corporate entities must be represented by counsel." (*Id.* (citations omitted)). The Undersigned also directed the parties to file a joint status letter within fourteen (14) days of new counsel's entry of appearance. (*Id.*).

On February 7, 2024, Akerman filed an Affidavit of Service, confirming that the Order was

served on Plaintiff via first class mail by two different carriers to Plaintiff's mailing address in Sandy Hook, Connecticut. (ECF No. 105; *see* ECF No. 106 (advising of Plaintiff's new address)).[1] However, no substitute counsel entered an appearance on Plaintiff's behalf by the court-ordered deadline of March 1, 2024. Rather, on March 5, 2024, defense counsel filed a letter requesting that the Court "(1) dismiss this matter with prejudice pursuant to the February 2, 2024 Order, and (2) permit Defendants to submit an application for an award of costs and fees against Green Star." (ECF No. 109 at 1). According to Defendants, "Green Star's contumacious behavior has needlessly prolonged the resolution of its meritless claims and forced Defendants to incur substantial and unnecessary costs and fees." (*Id.*).

After Plaintiff failed to appear by counsel or contact the Court to request an extension of time to comply with the Order, the Undersigned issued the Order to Show Cause, directing Plaintiff to show cause on or before April 15, 2024 why the Second Amended Complaint should not be dismissed for failure to prosecute, pursuant to Fed. R. Civ. P. 41. (ECF No. 110). The Undersigned again advised that "a corporation may only appear in this Court through licensed counsel." (*Id.* at 2 (citations omitted)). The Undersigned also ordered that Defendants' request to submit an application for an award of fees and costs shall be held in abeyance, pending the outcome of the Order to Show Cause. (*Id.*). To date, Plaintiff has not communicated with the Court.[2]

On April 24, 2024, defense counsel filed a letter, again requesting dismissal of the matter with prejudice and leave to submit an application for an award of costs and fees. (ECF No. 111 at 2).

---

[1] The copy of the opinion and order sent by regular mail by the Clerk of Court to Plaintiff's former Brookfield, Connecticut address was returned as undeliverable. (ECF No. 108).

[2] The Court also directed the Clerk of the Court to send a copy of the order by certified and regular mail to Plaintiff's last known address. (ECF No. 110 at 2).

## II.  LEGAL STANDARD

Dismissal of an action or a claim may be appropriate for "fail[ure] to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (concluding that Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In determining whether to dismiss an action under Fed. R. Civ. P. 41(b), this Court "should consider [the following] six factors" enunciated in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (quoting *Poulis*, 747 F.2d at 868). "[F]ail[ure] to properly consider and balance those factors" constitutes an abuse of discretion. *Id.* However, "[n]one of the *Poulis* factors is alone dispositive, and it is also true that not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." *Id.* (citing *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008)).

## III.  DISCUSSION

While the Undersigned recognizes the significance of dismissing the instant action without prejudice, such dismissal is warranted upon consideration and balancing of the *Poulis* factors.

### A.  The Extent of Plaintiff's Personal Responsibility

In considering this first factor, courts "look to whether the party bears personal responsibility for the action or inaction which led to the dismissal." *Id.* at 133 (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994)); *Vittas v.*

5

*Brooks Bros. Inc.*, 2017 U.S. Dist. LEXIS 203123, at *5 (D.N.J. Dec. 11, 2017) ("The first *Poulis* factor . . . is a question of whether the party herself has caused a delay as opposed to whether counsel for the party is responsible." (citations omitted)). Here, Plaintiff has failed to comply with the Order to Show Cause, which directed Plaintiff to show cause why its Second Amended Complaint should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41. The docket confirms that Plaintiff bears sole responsibility for its failure to prosecute the instant action and to comply with the Undersigned's Orders. *Sync Labs LLC v. Fusion Mfg.*, 2014 WL 2601907, at *4 (D.N.J. June 11, 2014) ("Where a party has instituted a suit through counsel, [it] is on notice that its counsel has withdrawn[,] and [it] has been afforded an opportunity to retain new counsel, it is responsible for its failure to do so." (citing *Opta Sys., LLC v. Daewoo Elecs. Am.*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007)).

This Court directed Plaintiff to have substitute counsel timely enter an appearance on its behalf, or Plaintiff would be deemed to be unrepresented by counsel. Yet, Plaintiff has not communicated with this Court in any way in order to advance this case. The fact that Plaintiff has brought this action to a virtual standstill—without any explanation whatsoever—suggests that Plaintiff does not intend to continue litigating its claims, but instead has chosen to abandon them.[3] Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### B. Prejudice to Defendant

With respect to this second factor, the Undersigned finds that Plaintiff's failure to participate in this case and comply with the Undersigned's Orders has prejudiced Defendant by halting the progress of this action. Plaintiff commenced this action over three years ago, (ECF No.

---

[3] The Undersigned notes that other Courts in this District have previously dismissed actions brought by corporate parties for failure to retain counsel without undergoing a full *Poulis* analysis. *See, e.g.*, *Sync Labs LLC*, 2014 WL 2601907, at *4 (collecting cases).

1-2), and filed the Second Amended Complaint over two years ago, (ECF No. 45), and yet, there is no indication that Plaintiff intends to resume prosecuting its claims. Thus, the second *Poulis* factor also weighs in favor of dismissal.

      C.      **History of Dilatoriness**

"'[E]xtensive' delay can create a history of dilatoriness." *Hildebrand*, 923 F.3d at 135 (quoting *Adams*, 29 F.3d at 874). "[F]ailure to prosecute under . . . Rule 41(b) does not mean that the plaintiff must have taken any positive steps to delay the trial . . . . It is quite sufficient if [Plaintiff] does nothing . . . ." *Id.* (quoting *Adams*, 29 F.3d at 875 (internal quotation marks and citation omitted)). Plaintiff has been represented by two different law firms in this action. (*See* ECF Nos. 13, 16, 73, & 74). Since February 2, 2024—the date the Undersigned granted Akerman's motion to withdraw, (ECF No. 104)—Plaintiff has not (i) communicated with the Court, (ii) appeared by substitute counsel, (iii) responded to the Court's Order to Show Cause, or (iv) requested any extension of time to retain counsel. In short, Plaintiff's inaction has brought this case to a standstill and weighs in favor of dismissal.

      D.      **Willful or Bad Faith Conduct**

Under this fourth factor, the Court "must consider whether [Plaintiffs'] conduct was 'the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith.'" *Briscoe*, 538 F.3d at 262 (quoting *Adams*, 29 F.3d at 875). "'[W]here the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the [C]ourt, at the very least, renders a party's actions willful . . . .'" *Yancey v. Wal-Mart Corp.*, 2022 U.S. Dist. LEXIS 67868, at *27 (D.N.J. Jan. 31, 2022) (citation omitted). Based on the record available to the Court, the Undersigned cannot conclude that Plaintiff has engaged in bad faith conduct. However, Plaintiff's repeated failure to comply with this Court's Orders, and its refusal to participate in the

7

action by having new counsel enter an appearance, when viewed together, demonstrate that Plaintiff has willfully abandoned the litigation. Plaintiff has made no effort to comply with its obligations to prosecute its claims or explain its inability to do so, despite being warned of the consequences of failing to prosecute this action. The Undersigned finds Plaintiff's conduct to be willful, and this factor weighs in favor of dismissal.

### E. Effectiveness of Alternative Sanctions

While mindful that "'[d]ismissal must be a sanction of last, not first, resort,'" *Adams*, 29 F.3d at 878 (quoting *Poulis*, 747 F.2d at 869), Plaintiff's non-compliance with this Court's recent Orders and the record of non-responsiveness show that alternative sanctions would be ineffective and futile. *Tyshon Bey, LLC v. Portfolio Recovery Assocs., LLC*, 2023 WL 7001588, at *3 (D.N.J. Aug. 28, 2023) ("[T]here is no plausible reason to believe that sanctions such as fines, costs, and attorneys' fees would spur Plaintiff to resume actively litigating this case." (citing *Briscoe*, 538 F.3d at 262)), *report and recommendation adopted*, 2023 WL 7000835 (D.N.J. Sept. 18, 2023). This conduct suggests that Plaintiff has abandoned its claims. The Court has no ability to communicate with Plaintiff, as no new attorney has entered an appearance on Plaintiff's behalf. *See Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012) (per curiam). Any further court proceedings would be impossible. Accordingly, the lack of appropriate and effective alternative sanctions weighs in favor of dismissal.

### F. Meritoriousness of Plaintiff's Claims

"'A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense.'" *Hildebrand*, 923 F.3d at 137 (quoting *Poulis*, 747 F.2d at 869–70). The Court already determined that Plaintiff has sufficiently pled, for purposes of Fed. R. Civ. P. 12(b)(6), a meritorious claim for

8

tortious interference with contracts and quantum meruit. (ECF Nos. 80 & 81). Thus, this factor weighs against dismissal. Although this factor weighs against dismissal, "not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." *Hildebrand*, 923 F.3d at 132 (citing *Briscoe*, 538 F.3d at 263); *Sync Labs LLC*, 2014 WL 2601907, at *2 ("The court should balance the factors, but not all of them need point to dismissal in order for dismissal to be the right outcome. . . ." (citation omitted)). Since the Undersigned finds that the majority of *Poulis* factors weigh in favor of dismissal, the Undersigned is satisfied that dismissal of the action is the appropriate remedy.

### G. Defendants' Request for Leave to Submit Application for Costs and Fees

As to Defendants' request for leave to move for an award of costs and fees against Plaintiff, because this dismissal is without prejudice, and dismissal is a drastic sanction, such an application is inappropriate at this time. *Andrew Meyer Designs, LLC v. Hassan*, 2006 WL 2251703, at *2 (E.D. Pa. Aug. 4, 2006) ("Generally, fees and costs are not awarded when an action is dismissed without prejudice."); *Woulard v. Brown*, 2004 WL 758358, at *2 (D. Del. Feb. 24, 2004) ("[I]n light of the dismissal, an award of costs and attorney's fees is not warranted."). In any event, it is unclear what costs and fees Defendants seek. To the extent they seek costs and fees incurred in preparation for Novella's deposition, the Court afforded Defendants the opportunity to cross-move in response to the motion to withdraw as counsel. (ECF No. 100 ¶ 3). Yet, Defendants failed to do so.

### IV. CONCLUSION

For the reasons stated above, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Second Amended Complaint, (ECF No. 45), for failure to prosecute, without prejudice, pursuant to Fed. R. Civ. P. 41(b). The Undersigned also denies Defendants'

9

request for leave to move for costs and fees. The parties are advised that, pursuant to 28 U.S.C. 636(b)(1), Fed. R. Civ. P. 72(b)(2), and L. Civ. R. 72.1(c)(2), they may file any objections to this Report and Recommendation within fourteen (14) days after service of a copy thereof. The Clerk of the Court is directed to serve a copy of this Report and Recommendation on Plaintiff by certified and regular mail to Plaintiff's last known address. (*See* ECF No. 106 (advising of Plaintiff's new address)).

        */s/ Jessica S. Allen*
        **HON. JESSICA S. ALLEN**
        **United States Magistrate Judge**

Dated:  May 24, 2024

cc:     Hon. Evelyn Padin, U.S.D.J.